No. 21,348.

Missouri Ann Shell, *Plaintiff,* v. Ernest E. Mulligan, *Appellee,* and Levi M. Noffsinger et al., *Appellants.*

SYLLABUS BY THE COURT.

Action to Set Aside Deed—*No Undue Influence Shown—Delivery of Deed Established.* In a suit by the heirs of a deceased person to set aside a deed made by her when she was eighty years old, by which she made a gift of real estate to her grandson, then twenty years of age, and who had lived with her from infancy, it is held that the evidence was sufficient to show that the transaction was fair and was conducted without undue influence of the grantee, and, further, that there was sufficient evidence to establish the delivery of the deed.

Appeal from Finney district court; George J. Downer, judge. Opinion filed June 8, 1918. Affirmed.

*A. E. Crane,* of Topeka, *W. P. Waggener,* and *J. M. Challiss,* both of Atchison, for the appellants.

*T. A. Moxcey,* of Atchison, for the appellee.

The opinion of the court was delivered by

Porter, J.: The appellants are children and heirs at law of Margaret Noffsinger, who died in September, 1915. She was the widow of Peter Noffsinger and survived him for more than twenty years. By his will she was left a life estate in a valu-

able farm in Atchison county, near Effingham. The appellee, Ernest Mulligan, is her grandson, and his mother Lona Mulligan, is the only one of the family who was not made a party to the suit, the purpose of which is to set aside a deed executed in 1914, by which Mrs. Noffsinger for a nominal consideration conveyed to her grandson 160 acres of land in Finney county which she had purchased with her own funds after her husband's death. The trial court found in his favor, and the appellants bring the case here for review.

About the time of the marriage of her last daughter, Mrs. Noffsinger took to her home her grandson, Ernest Mulligan, then an infant, and obtained the consent of his parents that he might remain with her. With the exception of occasional visits to his parents, he lived with her until her death. The farm upon which she resided consisted of 560 acres, and she continued to farm a part of it, renting the balance, until about 1905, when she consented to the sale of 400 acres, the proceeds of which were divided among her ten children, she relinquishing her life estate therein. She retained her life interest in 160 acres and farmed that together with some other land she had purchased after her husband's death and on which she and Ernest resided. While on a visit to the parents of Ernest, who lived in Finney county, she saw the land in controversy and purchased it with her own money. This was about nine years before her death, and there was testimony showing a statement by her to the effect that she bought the land for Ernest. From the time Ernest was 14 years of age he did the usual farm work on the place, raising crops and stock the proceeds of which were divided between him and Mrs. Noffsinger. In 1912 he and his grandmother had some slight differences, and he left her, but was induced to return at her solicitation. At the time the deed was executed Mrs. Noffsinger was eighty years of age, and Ernest was twenty. She was uneducated and unable to read or write. The theory upon which the appellants seek to set aside the conveyance is, that she was enfeebled in mind by disease and old age, that her thoughts and actions were dominated by her grandson, and that the deed was procured at his suggestion and request, which amounted to a demand which she was incapable of resisting, and that the conveyance, being without consideration, is void.

Shell v. Mulligan.

The principal contentions of the appellants in this court are, first, that there was no evidence to show a delivery of the deed, and second, that because the evidence shows the grandson occupied a confidential and fiduciary relation to the grantor, and the fact that her mind was enfeebled by disease and age, there is a presumption that undue influence was used in obtaining the deed, and the burden was upon the grandson to establish the fairness and honesty of the transaction. This rule of law was applied in the case of *Smith v. Smith,* 84 Kan. 242, 114 Pac. 245, and in other decisions there cited. The appellee insists that the court below recognized the soundness of the rule throughout the trial, and that the evidence not only wholly failed to sustain the appellants' contentions, but, on the contrary, showed that Mrs. Noffsinger was not enfeebled in mind, and was not under appellee's control or influence at the time of the conveyance.

It is purely a fact case, and we think the most that can be said for the appellants' second contention is, that there was some conflict in the evidence. There are no special findings, but in our opinion the evidence was sufficient to justify the trial court in finding that while Mrs. Noffsinger was afflicted with the physical infirmities of old age, her mind was not enfeebled, and she was not dominated or controlled by her grandson. A number of witnesses, who appear to be disinterested and who were well acquainted with her, testified she was a woman of more than ordinary strength of mind and character, and was an exceptionally good business woman. In the opinion of some of the witnesses, she was mentally much stronger than her grandson, and was never subject to any undue influence on his part. Some of them testified that up to the time of her death they saw no change in her mind or in her actions indicating inability to conduct and manage her affairs in the same way she had always done. Assuming that there were sufficient facts shown to place the burden of proof on the grandson to show that the transaction was fair and conducted without undue influence, it cannot be said that the burden was not fully met.

We think, too, there was sufficient evidence to establish a delivery of the deed. Mr. Kelley, a banker at Effingham, testified that Mrs. Noffsinger came to the bank accompanied by

her grandson and told him she wished to deed the land in question to her grandson. His recollection was that the grandson said nothing at the time, and that the old lady said she was going to give the land to Ernest and wanted the deed to show a nominal consideration. His testimony is that he did not draw the deed at the time, but promised to prepare it later, and that he got the description from tax receipts left with him. Some time after that Ernest called him by telephone to come with the deed to the house, and he went there with Ernest and presented the deed to Mrs. Noffsinger for her signature; she signed it by her mark, and it was witnessed by one of the neighbors who was called in for that purpose. The witness finished the acknowledgment and shortly afterwards left, taking the deed with him. Some time later, at the request of the grandson, he sent the deed for record. A formal delivery of the deed to the grantee by the grantor was not necessary. The undisputed evidence showed that the deed was prepared in pursuance of a request made by the grantor to Mr. Kelley; and, after she had signed and acknowledged it, the fact that she allowed the notary to take it with him was sufficient to show a delivery.

The case being one involving nothing but facts, upon which the trial court has found against the appellants, the judgment is affirmed.